Good morning, everyone. Um, be sure and watch your lights, okay? Okay. All right. The first case today is number 18-19-45, and it's Martinsville Corral. Corral Incorporated, doing business as Martinsville, Texas, Corral, et al. v. Society Insurance. Mr. Overhauser, I presume. May it please the court, Paul Overhauser for the appellants Martinsville Corral, William Spina, and Victor Spina. The theme of my comments this morning is to emphasize that under Indiana insurance coverage law, a complaint triggers a duty of an insurer to defend even when the complaint's detail about the risk is sparse. To put it in context, let me use this comparison. For a claim to survive a summary judgment motion, a certain level of proof must be established. For a complaint to survive a motion to dismiss or failure to state a claim, a lower level of allegations must be established. They only need to be plausibly alleged. But to trigger an insurer's obligation to defend, the allegations of a complaint can be far less than what is necessary to even survive a motion to dismiss. Mr. Overhauser, let's get right into Indiana Insurance v. Vermilion because you have argued that that case is virtually indistinguishable. But that case included allegations that the defendants terminated him and subsequently sought to damage him by impugning his good reputation in the community and willfully caused him harm by harassing, subjecting him to ridicule and humiliation by others. What analogous allegations are in this case? The analogous allegations are that Direct of the defendants. Their allegations of harm to reputation and goodwill of Direct TV are in the complaint. They were also set forth in Direct TV's answer to interrogatories, which is set forth in Appendix Volume 2 at page 43. But in the Indiana Insurance case, there were statements at issue by the defendants, whether they were the evaluations that were done of the plaintiff or the allegations that the plaintiff was incompetent. They made those specific allegations in the complaint. Here, what is the proof? Because we're at summary judgment. What evidence do you have to support that there was a statement, a defamatory statement made? In the Indiana Insurance case, the allegation in the complaint was the plaintiff made, stated that the defendants sought to further damage the plaintiff by impugning his good reputation in the community. But how? You know, here, in this case, the allegation is broadcasting Direct TV programming without paying the corporate rate. In that very different factual situation from Vermilion, for instance, where is the reasonable inference that the case involved defamatory statements, defamatory statements? Well, first of all, we don't know from the Direct TV complaint exactly which publications were alleged to injure Direct TV's reputation and goodwill. Well, you're at summary judgment here, so let's go beyond the complaint because it was your burden to put forth evidence supporting an issue of fact, at a minimum, to the question of what the defamatory statement was. In making your comments about the Indiana Insurance case, you're talking about harm. But the question that Judge Roper and myself are getting at is different. What's the defamatory statement to begin with that you're relying on in your case? We're not relying on a specific defamatory statement, but my point is that under Indiana Insurance law, an insurer's obligation to defend is triggered if the facts in the complaint arguably describe a covered risk. And even if the allegations are vague, and even when coverage is debatable, that's a different issue, what triggers an insurer's obligation to defend. But nothing that you're talking about implies false statements. What occurred here was an allegation that they displayed Direct TV's own programming. And such an action can't be interpreted as supporting a defamation claim. Well, I respectfully disagree. First of all, we don't know whether it was the Direct TV programming that was alleged to be what resulted in the harm to reputation and goodwill. I'd like to point your honors to one of the cases cited by Society. In its brief, on page 33, it cited the case of McQueen versus Fayette City. And in that case, the alleged defamatory statement was, quote, you have destroyed and undermined the girls' basketball program, unquote. And the defendant successfully had that case dismissed at the trial court. And on appeal, the Indiana Court of Appeals reversed. It said the mere allegation that you have destroyed and undermined the girls' basketball program could be defamatory. But it's not the harm that was at issue. It was the fact that they made a statement to that effect. Here, coverage doesn't kick in unless there was a wrongful act, which is defined in the insurance policy as being an offense that's employment-related to libel, slander, invasion of privacy, defamation, or humiliation. And in order to have a cause of action under Indiana law for any of those, you have to have a statement. A defamatory statement. A statement in some way that touches on the reputation or says something derogatory about your client. Where is that statement in this case? The DIRECTV complaint alleges publications. I think that's undisputed. But a publication of a satellite program, a publication, just the word publication, and again, we're at summary judgment, just the word publication doesn't equate to a statement if you're publicizing a TV program. Well, again, we don't know if it was the TV program that DIRECTV was referring to. They don't specifically state that in the complaint. Then at summary judgment, if you don't know that, how can you succeed? Because in the Indiana Insurance versus North Vermilion case, the allegation that triggered the duty to defend was the allegation of the plaintiff that the defendant sought to further damage the plaintiff by impugning his good reputation in the community. Based on evaluations and allegations of incompetency. It's not just the harm that caused it, it's the way that the harm allegedly came about. Where is that statement or mechanism to bring about the harm here? It may be reasonably inferred from the allegations. You cannot reasonably infer without a statement. And that's all there is to it, I'm afraid. You know, Vermilion, teacher is terminated, sues the school, alleges that the defendant's conspired to deprive him of his employment, impugned his good reputation in the community, and after they fired him, they deliberately, willfully caused him harm, they harassed him, they embarrassed him, they subjected him to ridicule, humiliation. He was damaged in every possible way. And that, those allegations fall within the described offenses for which coverage was provided. Well, in all of those statements that you just identified, I did not hear one that was a statement about falsity or defamatory. They're all conclusory statements, just as they are in this case. But there were facts, you see, attached to that. The complaint alleged that he was terminated and that the defendant continued to harass him and impugn his reputation. Those allegations arguably allege defamatory conduct. And it's not unusual for defamation claims to arise in such termination cases, by the way. But the same can't be said for the conduct here. The streaming of satellite program while paying the wrong rate. Nothing in that scenario arguably raises defamation slander or libel. Well, the district court, in the summary judgment proceedings, was also required to consider not just the allegations in the complaint, but additionally, the extrinsic evidence. And that extrinsic evidence included an answer to an interrogatory by DirecTV. And that answer to interrogatory is at Appendix 2, by page 143, in our answer to interrogatory number 19. In which it clearly stated, unequivocally stated, that it was seeking damages as to its harm for the harm to its reputation and goodwill resulting from the communications of the defendant. Where is there any indication at all that any false statements were made? False. The allegation of falsity is not alleged in the complaint, but it's not required to trigger an obligation of an insurer to defend. Do you agree that falsity is an element of libel, slander, and defamation under Indiana law? No, I don't. You don't? I do not. And I would point out that in the Indiana insurance versus Vermillion case, there was no allegation that the particular statements were actually false. The only allegation was that it impugned the integrity of the plaintiff in that case. That was sufficient to trigger a duty to defend. Because the threshold for triggering a duty to defend is so low under Indiana insurance law. If your honors have no further questions, I'll reserve the balance of my time. Mr. Fitala? Am I pronouncing that correctly? I was begging him to sit here, your honor. It's not an easy last name to pronounce. I can go home. I generally tell people to just ignore the H's, and that makes it easier to pronounce. It's always fascinated me at a time like this when you can get up and sleeping and talking to two judges out of their position. I will try very hard to not do that. In fact, maybe I should just rest at this point. But it may have pleased the court. And good morning. It's a privilege for me to be here today. I will pick up where the panel left off because I think the panel was very astute, as was the district court, in observing that there simply was no statement here. But I have a question for you. Yes. Why wouldn't the conduct in this case be considered employment related? If they relate to the provision of DIRECTV satellite programming at the place of business to further the interests of the business? Well, first I think we need to look at the DIRECTV amended complaint and where the allegations about the individual's employment status and manager status arises. And that's in the very beginning in the party section where DIRECTV is setting forth its basis for holding the individual owners liable for making the decision to broadcast DIRECTV programming without authorization. But if you look at the facts section and if you look at the causes of action section, there's no mention whatsoever that any of these activities were employment related or had anything to do with the management or anything to do with an employment connection whatsoever. And then I think you need to look at the activity that DIRECTV accuses the individual appellant of doing and that is essentially displaying the DIRECTV programming without authorization. Well, that's not one of the wrongful offenses enumerated under the endorsement. So even if turning on the TVs was employment related, defaming DIRECTV certainly was not. So are you reading employment related as referring only to conduct that implicates a person's employment as opposed to conduct that relates to the business and the duties of employees? That's exactly right. It's society's position that there must be some employment relationship between the party, the claimant making the accusations, and the insured. Here, there is no more of an employment relationship between appellants and DIRECTV than there is between anyone who subscribes to cable, internet, or satellite TV. It simply doesn't exist. And when you look at the offenses that are enumerated in the endorsement, it makes sense that these are offenses that arise in employment situations. There are offenses like wrongful termination, wrongful failure to promote, retaliatory discharge. And in fact, the Seventh Circuit in the Krieger case and various legal scholars have gone so far to find that the employment-related practices, liability, and insurance, only applies to claims by an employee against an employer. And when you read the offenses, that makes sense. I think that goes a little bit far. I think there are some wrongful offenses that could apply to, for instance, seasonal help or temporary help, but there must be some employment relationship, and that simply did not exist here. Now, I'll move on from the statement issue, even though... Yes, Your Honor. A question for you. Both individual owners of MCI sued their individual insurance carriers with respect to this issue. And Victor Spina's case actually went to trial on the question of whether or not there was a statement and whether or not it was covered. Why did it go to trial? Do you have any sense, as opposed to being decided on the papers and the allegations? Honestly, Your Honor, I don't know the answer to that, because we weren't even aware of the existence of that lawsuit until after it had already gone to trial. So we received the findings, the facts, and conclusions of law, and that was really our first notice that there were any other lawsuits, much less two other lawsuits. And that brings me to another basis on which I believe the district court decision should be affirmed, and that is issue preclusion. Prior to this appeal, there have now been two final orders issued against the appellants on this very issue of whether the DIRECTV complaint, the same complaint, alleges defamation, libel, or slander. Does it matter that MCI was not a party to either of those? No, it doesn't matter. And that's an argument that was raised for the first time by appellants in the reply brief on appeal. And I mention that for two reasons. The first is because I believe they've waived that argument, but the second is because I need to now cite to a case that I did not cite to in my initial briefing in order to refute that contention. And that case is the Sullivan v. American Casualty Co. case, 605 Northeast 2nd, 135. This case is from 1992, and it's an Indiana Supreme Court case. What was the page? 135. Now that's not a pin site to what I'm referring to, and I'm sorry, I don't have that with me, but I can submit it if the court would like. But in that decision, the Sullivan Court, the Indiana Supreme Court, rejected the very test that appellants have advanced, found that test was outdated, and decided that it's going to join the majority of states that have adopted the new two-part test. And under the two-part test, issue preclusion applies if the party against whom the prior adjudication is asserted had an opportunity to fully and fairly litigate that issue. And then secondly, whether it would otherwise be unfair to enforce issue preclusion. Well here, two of the three appellants not only had a full and fair opportunity, they actually did litigate this very issue to a final determination. The third appellant is MCI, the corporation, but it's owned solely by the two individual appellants who already had an opportunity to assert this legal theory. It acts through the individuals. It adopts legal theories through the individuals. In fact, it's adopted the exact same legal theories and has used the exact same lawyer as the two individual appellants used in their two cases which reached final determination. So I would say yes, all appellants have had the opportunity to fully and fairly litigate this issue. And then as to the second part of the test, whether it would be fair, society contends it would be unfair to society to give appellants a third opportunity. They should not have been given a second opportunity to litigate this issue. They now have received two opportunities, both times lost on the issue, and should not have a third opportunity now. Any other questions on issue preclusion before I move on to the final basis? And then the final basis, which we've already touched on a little bit, is whether it's employment related. And the final point I would like to leave the There is no more of an employment relationship between Martinsville and DirecTV than there is between any other individual and the vendors with whom they subscribe to for cable service, internet service, or satellite TV service. Thank you. Okay. Mr. Overhauser, you have three and a half minutes. Thank you. Just to follow up on the point with regard to whether there was a defamatory statement, this issue was addressed in Indiana Insurance versus North Vermilion in which the court observed in that case that if the allegations, and this is a quote, if the allegations constituting claims for offenses, meaning defamation, libel, so on, would not support a recovery under law they would be groundless. And the defense to them would be that the allegations failed to state a claim upon which relief could be granted, as in a motion to dismiss under trial rule 12b6. That would not alter the fact that the claims were for offenses insured under the policy and that the insurer would be liable to provide a defense. Second point with regard to employment related practices. Before you make your point, a question for you. You represented in your brief that it was undisputed that DirecTV's claims were employment related. And going back and looking at the record defendants have from the get-go disputed that including in initial letters to you in the summary judgment before the district court, what's your basis for making a statement like that that's undisputed? The evidence of record at summary judgment was, for example, that William Spina was an employee of Martinsville Corral he received a W-2 they have not proffered any summary judgment evidence to contradict that. Moreover the DirecTV complaints specifically allege that both William Spina and Victor Spina But society insurance has employment related from the beginning of this case. I'm sorry, I misunderstood. They dispute the applicability of the employment related practices. And the underlying facts that this was employment related. And you represented in your brief that it was undisputed that DirecTV's claims are employment related, which suggests to me that the other side isn't disputing it and they have disputed it and are continuing to dispute it. Your point may be well taken. I think DirecTV, I don't think anybody disputes that the Spinas were employees society merely disputes that these acts that trigger coverage were employment related under the definition of employment related in the policy. And the definition of employment related lists a long laundry list of things that are wrongful acts and some of those admittedly are limited to employees but some are not. And significantly among the wrongful acts that are not limited to being against an employee are those for liable, slander, or defamation. This is discussed in the reply brief at pages two to six. It's the appellant's view that any action taken by an employee of MCI or that was directed by MCI that was in the course of its business was employment related. Finally, with regard to the issue of issue preclusion society waived that argument. Issue preclusion is an affirmative defense. It never pled it and cannot raise it on appeal nor did it raise it at the district court level properly because it waived it. Thank you very much. Thanks to both parties. The case will be taken under advisement. Thank you.